174 So.2d 694

Cecil TINER

v.

STATE of Alabama.

4 Div. 229.

Supreme Court of Alabama.

April 22, 1965.

Cecil Tiner, pro se.

Richmond M. Flowers, Atty. Gen., for the State.

COLEMAN, Justice.

This case was assigned to the writer on the 12th day of April, 1965.

For former appeals in this cause, see Tiner v. State, 271 Ala. 254, 122 So.2d 738, and Tiner v. State, 273 Ala. 36, 134 So.2d 197.

In the second appeal, 273 Ala. 36, 134 So.2d 197, the cause was remanded to the circuit court pursuant to Section 9 of Act No. 62, Acts of 1961, Vol. II, page 1930, approved September 15, 1961. Proceedings were then had in the trial court pursuant to said act. The court set petitioner's application for hearing, but, after hearing, denied him a free transcript. The order of the court recites in part:

"ORDERED AND ADJUDGED by the Court as follows:

"1. The Court is satisfied that the defendant is without reasonable funds, and has no reasonable way to procure same, necessary for the payment of court reporter's fees involved in preparing a transcript of the testimony in this cause;

"2. That the alleged errors appearing from the defendant's petition and testimony do not appear to be meritorious and could not reasonably afford a possible ground or grounds, for appellate review;

"and that therefore the defendant's petition is hereby denied."

From the order of denial, petitioner appealed to this court, and, in accord with Section 10 of Act No. 62, the trial judge ordered the clerk to send to this court the file of the trial court in the proceedings had on the application for a transcript of the evidence.

Section 7 of Act No. 62 contained the following provision:

"If none of the claimed errors appear *meritious* or could afford a basis for a reasonable contention for reversal on appeal, the petition shall be denied."

█ The trial court acted pursuant to the quoted provision of Section 7, and, we are not disposed to say that the trial court was in error in so acting. We are of opinion, however, that the trial court's denial of a transcript cannot be permitted to stand under the doctrine declared by the Supreme Court of the United States.

In 1958, on review of the action of a state court which denied a free transcript, the Supreme Court of the United States said:

"* * * In Griffin v. People of the State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, we held that a State denies a constitutional right guaranteed by the Fourteenth Amendment if it allows all convicted defendants to have appellate review except those who cannot afford to pay for the records of their trials. We hold that Washington has denied this constitutional right here. The conclusion of the trial judge that there was no reversible error in the trial cannot be an adequate substitute for the right to full appellate review available to all defendants in Washington who can afford the expense of a transcript. We do not hold that a State must furnish a transcript in every case involving an indigent defendant. But here, as in the Griffin case, we do hold that, '[d]estitute defendants must be afforded as adequate appellate review as defendants who have enough money to buy transcripts.' Griffin v. People of the State of Illinois, 351 U.S. 12, 19 [76 S.Ct. 585].

"The judgment of the Washington Supreme Court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion." Eskridge v. Washington State Board of Prison Terms and Paroles, 357 U.S. 214, 216, 78 S.Ct. 1061, 1062, 2 L.Ed.2d 1269.

In 1963, the same court said:

"In Eskridge the Court held constitutionally invalid a provision which permitted a trial judge to prevent an indigent from taking an effective appeal. * * *" Lane v. Brown, 372 U.S. 477, 485, 83 S.Ct. 768, 773, 9 L.Ed.2d 892.

 We are unable to distinguish the Washington statute, considered in Eskridge, from the quoted provision of Section 7 of Act No. 62. If one be invalid as denying equal protection of the law, the other also is invalid for the same reason.

In as much as the trial court found petitioner indigent, and the reason for denying a free transcript is inadequate we are of opinion that the judgment denying a free transcript ought to be reversed and the cause remanded for further orders consistent with this opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.